Dear Mr. Pourciau:
You advise this office that you currently work as deputy sheriff for the Pointe Coupee Sheriffs Office. If elected to the office of constable for District 6 in Pointe Coupee Parish, you ask if you may continue to serve as deputy sheriff.
The Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., govern our response to your question. For purposes of dual officeholding, the position of deputy sheriff is considered an appointive office under R.S. 42:62(2) because it is an "office in any branch of government . . . which is specifically established or specifically authorized by the . . . laws of this state . . . and which is filled by appointment . . . by an elected . . . public official." The sheriff is an elected public official pursuant to constitutional provision. See LSA-Const. Article V Section 27 (1974).
Further, the position of deputy sheriff is specifically authorized by law, as R.S. 33:1433 states "the sheriff of each parish . . . may appoint as many deputies as necessary" and further provides that a deputy's "appointment and oath must be entered on the records of the court."
A constable holds local elective office. R.S. 42:63(D) generally prohibits a person holding an elective office in a political subdivision of the state from holding at the same time a full-time appointive office. Because you work as a full-time[1] deputy sheriff, R.S. 42:63(D) would initially prevent you from holding at the same time any elective office.
However, the law provides an exemption from the prohibition of R.S.42:63(D) which is applicable in your case. R.S. 42:66(L)(2)(a) states:
 (2)(a) Nothing in this Part shall be construed to prohibit a deputy sheriff from holding the office of part-time constable of a justice of the peace court whose jurisdiction has a population of fifteen *Page 2 
thousand or fewer persons according to the 1990 federal decennial census, or from holding the office of part-time constable or part-time marshal of a city court in a municipality with a population of ten thousand or fewer persons according to the 1990 federal decennial census, provided such person held both the office of deputy sheriff and the office of constable or marshal prior to January 1, 1997.
If you are in fact elected to the office of a part-time[2] constable of a justice of the peace court whose jurisdiction has a population of fifteen thousand of fewer persons according to the 1990 federal decennial census, you would be allowed to continue to serve as a full-time deputy sheriff.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 42:62(4) states "full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
[2] R.S. 42:62(5) states "part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.